**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 05-cv-02295-REB-MJW

CENTURY COLORADO SPRINGS PARTNERSHIP, d/b/a Adelphia Cable
Communications, a Delaware general partnership,

    Plaintiff,

v.

FALCON BROADBAND, INC., a Colorado corporation, and
CITY OF COLORADO SPRINGS, municipal corporation,

    Defendants.

---

**ORDER GRANTING MOTION TO DISMISS OF
DEFENDANT FALCON BROADBAND, INC.**

**Blackburn, J.**

The matter before me is the **Motion to Dismiss of Defendant Falcon Broadband, Inc.** [#5], filed December 6, 2005.  I grant the motion.

### I.  JURISDICTION

I putatively have jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1367 (supplemental jurisdiction).

### II.  STANDARD OF REVIEW

Defendant seeks to dismiss the claims against it on standing and ripeness grounds.  The motion therefore implicates the court's subject matter jurisdiction.  **See New Mexicans for Bill Richardson v. Gonzales**, 64 F.3d 1495, 1498-99 (10th Cir. 1995); **Sierra Club v. Young Life Campaign, Inc.**, 176 F.Supp.2d 1070, 1083 (D.

Colo. 2001). A motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) may consist of either a facial or a factual attack on the complaint. ***Holt v. United States***, 46 F.3d 1000, 1002 (10th Cir. 1995). A facial attack challenges the sufficiency of the complaint's allegations of subject matter jurisdiction. ***Id***. In reviewing such a motion, the court must accept the allegations of the complaint as true. ***Id***.

By contrast, when a party goes beyond the allegations of the complaint to challenge the facts on which subject matter jurisdiction rests, the court may not presume the truth of the allegations of the complaint. ***Sizova v. National Institute of Standards & Technology***, 282 F.3d 1320, 1324 (10th Cir. 2002); ***Holt***, 46 F.3d at 1003. "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." ***Holt***, 46 F.3d at 1003. The consideration of such materials generally does not convert the motion into one for summary judgment, except "where the jurisdictional question is intertwined with the merits of the case," that is, "[w]hen subject matter jurisdiction is dependent upon the same statute which provides the substantive claim in the case." ***Sizova***, 282 F.3d at 1324 (quoting ***Wheeler v. Hurdman***, 825 F.2d 257, 259 (10th Cir.), ***cert. denied***, 108 S.Ct. 503 (1987); internal quotation marks omitted); ***see also Holt***, 46 F.3d at 1003. Stated differently, "the underlying issue is whether resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." ***Pringle v. United States***, 208 F.3d 1220, 1223 (10th Cir. 2000).

Defendant in this case presses a factual attack on subject matter jurisdiction. I therefore must determine whether the jurisdictional question is intertwined with the

merits such that the motion must be converted into one for summary judgment.  In this case, defendant claims jurisdiction is lacking because plaintiff has not suffered a cognizable injury-in-fact inasmuch as any future intentions defendant has to offer competing cable services in the Colorado Springs area are not yet close to realization. Plaintiff's substantive claims are premised on the contention that defendant is planning to offer cable services within Colorado Springs without first obtaining a franchise agreement from the city.  Plaintiff's claims therefore presuppose the existence of facts sufficient to show that defendant in fact has entered or is planning imminently to enter the Colorado Springs cable services market.  Because resolution of this issue presupposes the existence of facts central to the jurisdictional issue, the two are intertwined, and the motion to dismiss must be treated as a motion for summary judgment under Rule 56.

Although the court normally should give the parties notice before converting a motion to dismiss into a motion for summary judgment in order to avoid unfair surprise, such notice is unnecessary when the parties already have submitted material beyond the pleadings in support of and in response to the motion to dismiss.  **Wheeler**, 825 F.2d at 259-60; **see also Marcussen v. Leavitt**, 2005 WL 3664802 at *8 (D.N.M. Dec. 19, 2005) (slip op.).  Such is the case here, and there is therefore no need for further notice before proceeding to consider the motion.

When a motion under Rule 12(b)(1) has been converted to a motion for summary judgment, the burden is on the party invoking jurisdiction to prove that federal subject matter jurisdiction exists.  **Marcus v. Kansas Department of Revenue**, 170 F.3d 1305, 1309 (10th Cir. 1999); **Bryce v. Episcopal Church in the Diocese of**

3

*Colorado*, 121 F.Supp.2d 1327, 1336 (D. Colo. 2000), *aff'd*, 289 F.3d 648 (10th Cir. 2002).  The court otherwise applies the same standards that govern resolution of summary judgment motions.  *Bryce*, 121 F.Supp.2d at 1336.  Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **FED.R.CIV.P.** 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party.  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).

### III.  ANALYSIS

Plaintiff provides cable services to the residents of Colorado Springs pursuant to a franchise agreement with the city.  The terms of that agreement were incorporated into an ordinance, which provides that the city may grant additional cable franchises provided they cover the entire city and include terms as favorable or impose conditions as burdensome as those to which plaintiff is subject.  Plaintiff now seeks a declaration that defendant's plans to offer cable services to residents of the Gold Hill Mesa residential development in Colorado Springs without obtaining a franchise from the city

violate the ordinance as well as the Cable Communications Policy Act of 1984, 47 U.S.C. § 541, and rights that flow to plaintiff thereunder.  It also has filed a claim against defendant for intentional interference with contract.  Defendant argues that because, contrary to the allegations of the complaint, it has no current plans to offer cable services to Gold Hill Mesa or anywhere else within the city, plaintiff has not suffered a judicially cognizable injury-in-fact sufficient to confer standing on it to bring this suit.  Alternatively, defendant maintains that the issues are not yet ripe for determination.

Defendant's motion implicates considerations of justiciability.  Article III, section 2 of the Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies."  **Allen v. Wright**, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984); **Carolina Casualty Insurance Co. v. Pinnacol Assurance**, 425 F.3d 921, 926 (10th Cir. 2005).  The various justiciability doctrines, including those of standing and ripeness, ensure that federal courts address only concrete disputes between parties with present, adverse interests.  **Abbott Laboratories v. Gardner**, 387 U.S. 136, 148-49, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967).[1]

For purposes of Article III, standing consists of three elements:

> First, the plaintiff must suffer an injury in fact.  An injury in fact is an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, i.e., not conjectural or hypothetical.  A plaintiff must also demonstrate that the harm complained of is fairly traceable to defendant's conduct and that a favorable ruling from the

---

[1] Although standing and ripeness are analytically distinct concepts, they overlap substantially, and especially where the issue is whether the plaintiff has sustained an injury-in-fact, "the issues of standing and ripeness are particularly difficult to divorce."  **Morgan v. McCotter**, 365 F.3d 882, 887 (10th Cir. 2004).

5

> court would redress plaintiff's injury.  Thus, a main focus of the standing inquiry is whether plaintiff has suffered a present or imminent injury, as opposed to a mere possibility, or even probability, of future injury.

*Id*. at 887-88 (citations and internal quotation marks omitted).  Defendant here focuses on the first element, injury-in-fact.[2]  When a plaintiff relies on the threat rather than the fact of injury, a mere possibility of future injury is insufficient to confer standing.  ***Nova Health Systems v. Gandy***, 416 F.3d 1149, 1155 (10th Cir. 2005).  Rather, the case is justiciable only when the threat is "certainly impending," or "real and immediate."  *Id*. (citations and internal quotation marks omitted).

I find that plaintiff has failed to demonstrate a genuine issue of material fact regarding whether it is under threat of a real and immediate injury.  Indeed, the evidence plainly shows that it is not.  The only concrete example of defendant's allegedly injurious activity is its supposed plans to service the Gold Hill Mesa neighborhood.  Although plaintiff has presented evidence that Gold Hill Mesa "entered into an arrangement with another provider" to provide cable services after plaintiff chose not to bid on the project (Plf. Resp. App., Exh. 1(A)), it has presented no evidence that the "other provider" is defendant.  In fact, defendant has presented affirmative evidence that it does not have a contract to provide cable or other services to Gold Hills Mesa and that it is not feasible for defendant to pursue such a contract. (***See*** Def. Motion App., Exh. 1 at 1-2, ¶¶ 5-6; Def. Reply App., Exh 1 at 1-2, ¶¶ 4-6 & Exh. 2 at 1-2, ¶ 5.)

Moreover, and despite the fact that the complaint does not contain any

---

[2] Defendant also maintains that plaintiff lacks standing because its injury is not "fairly traceable" to defendant.  Because this argument is dependent on defendant's contention that plaintiff cannot prove injury-in-fact, the success of the one argument presupposes that of the other.

6

allegations of defendant's plans other than with respect to Gold Hills Mesa, plaintiff has failed to show any immediate threat that defendant will impinge on its interests by offering cable services anywhere else in the city. As an initial matter, the evidence plaintiff presents in this regard – a newspaper article from a local Colorado Springs newspaper and a press release[3] – are pure hearsay and thus not competent summary judgment proof. *Good v. Board of County Commissioners of County of Shawnee, Kansas*, 331 F.Supp.2d 1315, 1327 (D. Kan. 2004), *aff'd*, 141 Fed. Appx. 742 (10th Cir. 2005); *Miles v. Ramsey*, 31 F.Supp.2d 869, 876 (D. Colo. 1998). Yet even were I to consider these documents, they do not show that the threat of injury to plaintiff is real and immediate. Although the newspaper article notes defendant's purchase of a defunct communications company's infrastructure, including its preexisting fiberoptic cable, it also confirms that any plans defendant may have to reach the city's customers are "four or five years in the future" and will depend on defendant's ability to "raise millions of dollars." (Plf. Resp. App., Exh. 1(C).) The press release, which touts defendant's arrangement with a company called Wave7 Optics Inc. to construct a "fiber-to-the-premises" network, does not demonstrate that defendant's ability to realize its plans is any more imminent. At most, it shows that defendant will receive the new technology in early 2006, but it does not support the further conclusion that defendant will be able to make use of that technology any time in the near future. Indeed, defendant has offered competent evidence that it currently does not "have the infrastructure, materials, or necessary agreements in place to provide . . .

---

[3] Nothing in the press release supports plaintiff's characterization of the document as a joint statement of defendant and Wave7 Optics, such as would support a conclusion that the press release constitutes and admission of a party opponent under Fed.R.Evid. 801(d)(2)(A). *Cf. Libertad v. Welch*, 53 F.3d 428, 43 n.12 (1st Cir. 1995).

telecommunications-based services within the City." (Def. Reply App., Exh. 2 at 1, ¶ 3.)

Although the failure to prove injury-in-fact alone is sufficient to dismiss plaintiff's claims, I also note that the remoteness of the alleged injury supports dismissal on ripeness grounds as well. "Ripeness is a justiciability doctrine designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." ***National Park Hospitality Association v. Department of Interior***, 538 U.S. 803, 807, 123 S.Ct. 2026, 2029, 155 L.Ed.2d 1017 (2003) (internal quotation marks omitted). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." ***Texas v. United States***, 523 U.S. 296, 300, 118 S.Ct. 1257, 1259, 140 L.Ed.2d 406 (1998) (citation and internal quotation marks omitted). Defendant's ability to enter into the Colorado Springs cable market clearly depends on a variety of contingencies that as yet have not, and depending on a number of different factors, may not come to pass. Defendant's future plans and hopes of some day being able to enter that market do not give rise to a justiciable controversy.

### IV.  CONCLUSION

For these reasons, I find that plaintiff has failed to demonstrate that it has suffered an injury-in-fact sufficient to confer standing to bring this lawsuit. Alternatively, I find that this matter is not ripe for judicial determination. Accordingly, defendant's motion to dismiss should be granted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Motion to Dismiss of Defendant Falcon Broadband, Inc.** [#5], filed December 6, 2005, is **GRANTED**;

    2.  That plaintiff's claims against defendant, Falcon Broadband, Inc., are **DISMISSED WITHOUT PREJUDICE**; and

    3.  That defendant, Falcon Broadband, Inc.,  is **DROPPED** as a named party to this action, and the case caption is amended accordingly.

Dated March 2, 2006, at Denver, Colorado.

        **BY THE COURT:**

        **s/ Robert E. Blackburn**
        **Robert E. Blackburn**
        **United States District Judge**